**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Steven Michael DEMARIA,**
**Defendant–Appellant.**

No. 15–12652
**Non–Argument Calendar**

United States Court of Appeals,
Eleventh Circuit.

Feb. 29, 2016.

Robert James Emery, Wifredo A. Ferrer, Kevin Quencer, Sarah Joanna Schall, Emily M. Smachetti, U.S. Attorney's Office, Miami, FL, for Plaintiff–Appellee.

Adam Marshall Hames, The Hames Law Firm, LLC, Steven Paul Berne, Law Office of Steven Berne, Atlanta, GA, David Jonathon Joffe, Joffe Law, PA, Fort Lauderdale, FL, for Defendant–Appellant.

Before JORDAN, JULIE CARNES and BLACK, Circuit Judges.

PER CURIAM:

Steven Michael Demaria appeals his convictions, after a jury trial, on three counts of making false representations of material fact, in violation of 18 U.S.C. § 1001(a)(2). Demaria asserts that, while he admittedly did not answer question 18(n) of the Medical Certification Application (MCA) truthfully, the Government presented no evidence that his false statements were material to the Federal Aviation Administration (FAA). He contends there is no evidence to show he would have been denied a medical certificate or otherwise been hindered from flying had he answered question 18(n) truthfully. He also argues that, even though he did not answer question 18(n) truthfully, the FAA was aware or should have been aware of his failed drug test. After review,[1] we affirm Demaria's convictions.

To sustain a conviction against a defendant for a violation of 18 U.S.C. § 1001, the government must prove: "(1) that the defendant made a false statement; (2) that the statement was material; (3) that the defendant acted with specific intent to mis-lead; and (4) that the matter was within the purview of a federal government agency." *United States v. McCarrick*, 294 F.3d 1286, 1290 (11th Cir.2002).

A statement is considered material "if it has a natural tendency to influence, or was capable of influencing, the decision of the decisionmaking body to which it was addressed." *Kungys v. United States*, 485 U.S. 759, 770, 108 S.Ct. 1537, 99 L.Ed.2d 839 (1988). We have held the Government is not required to prove that the statement had actual influence; rather, the false statement "must simply have the capacity to impair or pervert the functioning of a government agency." *United States v. Boffil–Rivera*, 607 F.3d 736, 741 (11th Cir. 2010) (quotation omitted). Thus, the statement does not have to be relied upon and "can be material even if it is ignored and never read." *Id.* at 742.

The evidence was sufficient to support Demaria's convictions on all counts, and, specifically, to show that his false statements were material. The Government provided ample evidence to show that Demaria's false statement had the capacity to impair or pervert the functioning of the FAA, a government agency. Evidence presented at trial showed the FAA's medical accreditation procedure intensifies if an applicant answers a question on the MCA in the affirmative and that Demaria's failure to truthfully answer 18(n) prevented the FAA from engaging in their more intense screening procedure, impairing their medical accreditation procedure.

The Government also offered evidence that the Airman Medical Examiner (AME)

---

1. We review *de novo* a district court's denial of a motion for judgment of acquittal based on sufficiency of evidence grounds. *United States v. Capers*, 708 F.3d 1286, 1296 (11th Cir.2013). In reviewing the sufficiency of the evidence, we ask whether, after viewing the evidence in the light most favorable to the prosecution, with all reasonable inferences and credibility choices made in the government's favor, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *United States v. Spoerke*, 568 F.3d 1236, 1244 (11th Cir.2009).

is not an FAA employee and does not have access to a pilot's previous answers to Form 8500; therefore, an AME can only base his decision whether to grant a medical certificate upon what the applicant tells him. Because the AME immediately issues its medical certification during the pilot's visit with the AME, even if the FAA eventually catches the false answer, for some period of time, the pilot is permitted to fly based on his falsehood. Thus, the evidence presented at trial could be found by a rational trier of fact to show that Demaria's false statement tended to impair the FAA operations by hindering their self-disclosure-based medical accreditation process.

Accordingly, we affirm Demaria's convictions.

**AFFIRMED.**